E. B. Galbreath, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Galbreath Lease, Trust No. 314, Security Trust and Savings Bank, Trustee, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 42432, 42564, 45996, 51767. Promulgated December 8, 1931.

*Melvin D. Wilson, Esq.,* for the petitioners.
*Hartford Allen, Esq.,* for the respondent.

OPINION.

ARUNDELL: In the recent case of *Jackson-Wermich Trust*, 24 B. T. A. 150, we concluded, after a review of numerous cases of both the Board and the courts dealing with questions such as the one before us in this proceeding, that the real tests to be applied in determining whether a particular taxpayer is a trust or an association taxable as a corporation are whether the beneficiaries of the alleged trust " have

voluntarily associated themselves together in ' the general form and mode of procedure of a corporation' and are organized to and in fact are engaged in the active conduct of a business for profit, or whether the trustees are merely holding the property and collecting the income therefrom and distributing it to those beneficially interested." *G. F. Sloan et al.*, 24 B. T. A. 61, and *Extension Oil Co.*, 16 B. T. A. 1028 (affd., 47 Fed. (2d) 65), are to the same effect.

The petitioner has none of the essential characteristics of a corporation. It bears the name of a trust rather than that of a corporation; it did not issue capital stock or other similar evidence of beneficial interest in the trusteed property; it had no officers, offices of its own, by-laws or stationery; it did not declare and pay dividends out of earnings in a manner peculiar to corporations, but distributed the proceeds from the sale of royalty oil monthly to those entitled thereto; and it did not operate under a charter. The interests of the beneficiaries were not subject to transfer without an assignment of the lots themselves, a restriction never found in stock certificates, due probably to the well established rule that stockholders hold no title to corporate property. The declaration of trust did not provide for meetings of the beneficiaries of the trust and none was ever held.

The beneficiaries of the trust were fee owners of adjoining lots in which it was believed oil could be found in paying quantities. To make their properties more attractive to responsible oil companies they pooled their interests and placed them in trust for the sole purpose of negotiating a lease on the whole tract and if oil were found, to receive their royalty interest through the agency of a trustee. The declaration of trust evidences no intention to actively engage in business. Rather it shows a desire merely to dispose of such minerals as were under the premises through the instrumentality of a lease, with a royalty on any minerals found as a consideration for its execution. This was done by the trustee with the approval of the beneficiaries as provided for in the trust instrument. Thereafter, the only activities carried on by the trustee were the receipt of moneys paid by the lessee for the sale of royalty oil and the monthly distribution of the remittances, less its charges for services performed, to those entitled thereto. Such acts do not constitute doing business. *Von Baumbach* v. *Sargent Land Co.*, 242 U. S. 503.

Control by the beneficiaries over the management and operation of the trusteed property is not determinative of the question. *E. A. Landreth Co.*, 11 B. T. A. 1; *Lloyd M. Willis et al.*, 22 B. T. A. 564; and *Jackson-Wermich Trust, supra.* Such control as the beneficial owners of the property had here was confined to the approval of a lease on the tract and the selection of a new trustee. The former was merely a preliminary matter to the placing of the trust in operation

and does not make the case any different than it would be if the lease had been executed concurrently with the declaration of trust.

Our conclusion is that the trust under review was not of the general form and mode of a corporation and was not organized to and did not in fact actively engage in business for profit, but for the purpose of collecting the income earned by property and distributing the same to those entitled thereto. The respondent erred in holding it to be an association taxable as a corporation. Having reached this conclusion, it is not necessary to decide whether petitioner is within the provisions of secton 704 (b) of the 1928 Act which are applicable to the years prior to 1928.

Petitioner Galbreath is entitled to a deduction of $6,016.07 in 1924 for depletion of his property interest in the corpus of the estate. *Merle-Smith* v. *Commissioner*, 42 Fed. (2d) 837; *Mary Alphin et al.*, 21 B. T. A. 1101; and *Ida L. Kuhn et al.*, 24 B. T. A. 216.

*Decisions will be entered for the petitioners.*